## GAMMELL *v.* POTTER.

The act authorizing the erection of mill dams, approved January 24, 1855, does not require that the petition for a writ of *ad quod damnum*, should be sworn to, and if the petition is signed by the counsel of the applicant, that is sufficient.

Notice of the application for the writ, with a copy of the petition, must be served upon the defendant, before the petition is filed; and proof of service, by affidavit, must be filed *with* the petition.

Where in a proceeding of *ad quod damnum*, the jury summoned by the sheriff, found that "the proposed dam will overflow twenty acres of the lands of the defendant; that by reason thereof, the said defendant will sustain damage to the amount of $654, and do therefore appraise his damage at that amount; that the lands of no other person would be affected by said dam; and that no dwelling-house, out-house, garden, or orchard, of the said defendant, or any other person, would be overflowed, or injuriously affected thereby;" *Held*, That the inquisition was not only substantially, but technically and formally, correct.

### *Appeal from the Jackson District Court.*

THE plaintiff filed his petition for a writ of *ad quod damnum*, to have the damage assessed which defendant would sustain, by reason of the erection of a mill dam contemplated by him on his own land—the erection of which would affect the lands of defendant. On the 13th of March, a copy of the petition was served on defendant. On the 14th, the petition was filed in the office of the clerk. The writ being issued, the jury summoned by the sheriff, found that "the proposed dam will overflow twenty acres of the land of said Daniel Potter, and that by reason thereof, the said Daniel Potter will sustain damage to the amount of $654, and do therefore appraise his damage at that amount. They also found, that the lands of no other person would be affected by said dam; and that no dwelling-house, out-house, garden, or orchard of the said Potter, or any other person, would be overflowed or otherwise injuriously affected thereby. The inquisition being returned to the next term of the District Court, the defendant appeared and moved to dismiss

the petition, and all subsequent proceedings based thereon, for the following reasons:

*First.* That the petition was neither signed nor sworn to by the plaintiff.

*Second.* That the writ was issued improvidently, and without authority, no notice having been served as required by law.

*Third.* That the inquisition is defective, inasmuch as it does not conform to the matter of said writ, and the requirements of the law.

The motion was sustained by the court, and the writ quashed and dismissed. To the decision of the court, plaintiff excepted, and on appeal to this court, assigns for error, that the District Court erred in sustaining defendant's motion to dismiss the petition, and quash the proceedings.

*D. F. Spurr,* for the appellant.

*J. B. Booth,* for the appellee.

STOCKTON, J.—We have carefully and attentively examined the record and proceedings in this cause, and are of opinion, that there was no good and sufficient cause for granting the motion of defendant to dismiss the plaintiff's petition, and quash the proceedings under it. The statute does not require that the petition should be sworn to, and it was sufficient that it was signed by the plaintiff's counsel. The notice was served on the 13th of March, and on the 14th, the petition, with the affidavit of service on defendant, was filed with the clerk. The statute requires that the proof of the service, shall be " filed with the petition" (act of 1855, § 2, 152). It could not be filed with the petition, unless the notice is served before the petition is filed. The objection of defendant is, that notice was served on him before the petition was filed with the clerk. We think the objection is not well founded, and should have been overruled by the court.

The next objection of defendant is, to the inquest of the

jury—that it " does not conform to the matter of the writ, or the requisition of the law."

The jury return, under oath, that they had viewed the lands proposed to be affected by the dam; that they find that the dam will overflow twenty acres of the land of defendant; and that by reason thereof, the defendant will sustain damage to the amount of $654, and they therefore appraise his damage at that amount. They therefore find, in the language of the statute, that the lands of no other person will be affected by the dam, and that no dwelling-house, out-house, garden, or orchard, of defendant, or any other person, will be overflowed, or otherwise injuriously affected, by said dam. The defendant objects that the inquest of the jury, does not say how far the lands of defendant may be " affected" by the overflow. It is true, the jury do not say, in words, how the overflow will affect the land. This would be supererogatory. The statute requires them to examine the land, and appraise the damages of the proprietor of the land, proposed to be affected by the dam. This inquisition, in our opinion, is not only substantially, but technically and formally, correct. Any discussion must be about words only, and not about substance. We think the proceedings have been conducted, from the first to the last, with every requisite formality, and with strict regard to the rights of defendant. He had ten days' notice, by copy of the petition—of the application for the writ. He had, further, ten days' notice of the day fixed for the inquest by the jury, and, further, ten days' notice of return of the inquisition to the District Court, and of the amount of damages awarded him, with a day in court to show cause, if any he could, why leave should not be granted by the court to plaintiff to build the dam. We think no good reason appears why the proceedings should not have been sustained, and defendant's motion overruled. The judgment of the District Court will, therefore, be reversed, and the cause remanded for further proceedings, on the inquisition, as returned by the jury.